IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MOHAMMAD MAHMOOD,** | § | |
| | § | |
| V. | § | A-20-CV-469-LY |
| | § | |
| **RICK KENNON, District Judge, 368th** | § | |
| **District Court of Williamson County** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Mohammad Mahmood's Application to Proceed *In Forma Pauperis* (Dkt. No. 2) and Financial Affidavit in Support, along with his Complaint (Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Court Rules.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Mahmood's Application to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Mahmood *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1).  This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Mahmood is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a review of the claims made in Mahmood's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendant should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

**A.  Standard of Review**

Because Mahmood has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ferguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**B.     Claims**

Mahmood is suing the Honorable Rick Kennon, the judge he asserts is currently presiding over various disputes involving Mahmood's child custody and modification of child custody support orders. Mahmood asserts Judge Kennon violated his HIPPA rights when Williamson County released his personal medical records. He also alleges that Judge Kennon discriminated against him in violation of his rights pursuant to the Americans with Disabilities Act by failing to accommodate his disabilities by setting him for trial in July of 2020. Dkt. No. 1 at 3.

Mahmood alleges claims pursuant to the ADA, and various state tort claims including intentional infliction of emotional distress, invasion of privacy, libel, malicious prosecution, negligence, retaliation and slander. Mahmood requests monetary damages and "specific relief" prohibiting Judge Kennon from engaging in unlawful employment practices as prescribed by the ADA, issuing "unfair" temporary orders, and requiring that Judge Kennon either recuse himself from the child custody cases or run the cases in a manner that Mahmood believes complies with the ADA, including setting the case for trial in two months, expediting all hearings, and allowing all of Mahmodd's evidence to be heard by the jury. Mahmood also asks that Kennon be removed as the judge hearing a motion to revoke probation in a separate criminal case.

### 1. Judicial Immunity

"Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam). Such absolute immunity means that judges are "immun[e] from suit, not just from ultimate assessment of damages." *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Indeed, "[j]udicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd*, 31 F.3d at 284 (citing Mireles, 502 U.S. at 11-12). Actions are "judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Id.* (quoting *Mireles*, 502 U.S. at 12). Alleging that a judge acted with "bad faith or malice" does not preclude immunity. *See Mireles*, 502 U.S. at 11.

All the actions Mahmood complains about were taken by Judge Kennor in his capacity as a judge, and he is therefore entitled to judicial immunity for all damages claims.

### 2. ADA Claims

Mahmood asserts that Kennon has discriminated against him pursuant to the ADA. Mahmood seems to bring this claim in the employment context, which is inapplicable, as Mahmood is not a Williamson County employee. 42 U.S.C. § 12112(a). To the extent, Mahmood otherwise attempts to assert an ADA "discrimination" claim, he is essentially arguing that he disagrees with Judge Kennon's rulings in his state court cases. This Court does not have jurisdiction over those claims.

In the Fifth Circuit, "[a] state court judgment is attacked for purposes of *Rooker–Feldman* 'when the [federal] claims are 'inextricably intertwined' with a challenged state court judgment,' or

where the losing party in a state court action seeks 'what in substance would be appellate review of the state judgment.' " *Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011). "Federal courts have consistently applied the *Rooker–Feldman* doctrine as a bar to federal jurisdiction over matters related to the family disputes of divorce and child support." *Evans v. Williamson Cnty. Gov't, Tex.*, No. 2015 WL 4621449, at *4 (W.D. Tex. May 28, 2015) (collecting cases), report and recommendation adopted, 2015 WL 4624708 (W.D. Tex. July 31, 2015).

Mahmood complains about the court date for his custody case and about the Temporary Orders implemented by Judge Kennon. He also asked that this Court recuse Judge Kennon from a separate criminal action. The Court lacks jurisdiction to hear these claims under the *Rooker–Feldman* doctrine.

### 3.   HIPPA Claims

Lastly, Mahmood asserts claims that Kennon violated his right to privacy provided by the Health Insurance Portability and Accountability Act (HIPAA) when the Judge revealed private medical information about him in public. HIPPA applies to "covered entities," which include: (1) health plans, such as health insurance companies, HMOs, Medicare, and Medicaid; (2) health care clearinghouses, such as billing companies and third party administrators; and (3) health care providers, such as hospitals and doctors. 45 C.F.R. § 160.103 (2006). Therefore, HIPPA does not apply to Judge Kennon. Additionally, there is no right of private action pursuant to HIPPA. Mahmood's claim based on HIPPA fails.

### 4.   Repeat Filings

Finally, the undersigned notes that this is not the first frivolous lawsuit that Mahmood has filed. *See Mahmood v. Black*, 1:19-CV-1032-RP (W.D. Tex. 2019); *Mahmood v. Naylor*, 1:19-CV-

1213-LY (W.D. Tex. 2019). A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). *Id*. Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Such sanctions may include an injunction barring the filing of actions in federal court without leave of court, as well as monetary sanctions, including denial or removal of his *in forma pauperis* status. *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). Additionally, Mahmood could be prohibited from filing any new lawsuits until any sanction levied against him is paid in full. District courts are permitted to act *sua sponte* in imposing restrictions on future filings. *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010). However, the court must notify the litigant and provide him an opportunity to be heard on the matter before imposing a *sua sponte* pre-filing injunction on the vexatious litigant. *Id.*

Accordingly, the Court **ORDERS** that, as part of any objections to this Report and Recommendation he may file, or in a separate document filed within the same 14 day time frame, Mahmood to **SHOW CAUSE**, why he should not be barred from filing further cases in federal court.

### III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Mahmood *in forma pauperis* status (Dkt. No. 2). Service upon Defendant should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Mahmood's ADA claims for lack of subject matter jurisdiction and **DISMISS** Mahmood's state law tort claims and HIPPA claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Lastly, the Court **RECOMMENDS** that, after considering

any filing from Mahmood showing cause, the Court consider barring Mahmood from filing further cases in federal court without explicit permission prior to suit.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 1st of June, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE